



CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

CV13-01582 R

In re:

Paradigm International, Inc.,

    Debtor.

_____

ELISSA MILLER, CHAPTER 7 TRUSTEE,

    Plaintiff,

v.

BHC INTERIM FUNDING II, L.P.,

    Defendant.

Case No. 2:10-bk-24525 BB

Chapter 7

Adv. No. 2:10-ap-02833-BB

**FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING BENCH TRIAL**

Trial Date: September 20, 2012
Time: 10:00 a.m.
Ctrm: 1475

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

    This Court, having conducted a trial in the above-reference adversary proceeding on September 20, 2012, having conducted a hearing in advance of the trial on September 19, 2012, having reviewed the record in this adversary proceeding, including without limitation:

    1.    Joint Pre-Trial Order, entered on June 13, 2012 [Dkt. No. 50] ("PTO");

    2.    Order Setting Trial Date and Establishing Procedures for Conduct of Trial, entered June 19, 2012 [Dkt. No. 53];

{Findings of Fact and Conclusions of Law (10-4-12)}Findings of Fact and Conclusions of Law – 1
121529.01042/95096365v.1

3. Declaration of Russell H. Rapoport re Inability to Obtain Trial Witness Declaration [Dkt. No. 54];

4. BHC Interim Funding II, L.P.'s ("Defendant") Statement in Response to Declaration of Russell H. Rapoport re Inability to Obtain Trial Witness Declaration [Dkt. No. 55];

5. Direct Testimony Declaration of Gerald H. Houghton and the exhibits thereto [Dkt. No. 59] ("Houghton Declaration");

6. Direct Testimony Declaration of David D. DiPaolo and the exhibits thereto [Dkt No. 56] ("DiPaolo Declaration");

7. Defendant's Request for Judicial Notice of Exhibits to Be Introduced at Trial [Dkt. No. 58] ("RJN");

8. Defendant's Notice of Motion and Motion in Limine to Exclude Plaintiff's Direct Testimony Witnesses at Trial [Dkt No. 60] ("In Limine Motion");

9. Declaration of Cheryl S. Chang in Support of In Limine Motion [Dkt. No. 61];

10. Plaintiff's Objections to the In Limine Motion [Dkt. No. 66];

11. Plaintiff's Evidentiary Objections to Trial Declarations and Request for Judicial Notice [Dkt. No. 65] ("Evidentiary Objections");

12. Plaintiff's Trial Brief [Dkt. No. 67];

13. Defendant's Trial Brief [Dkt. No. 68]; and

the Court having issued tentative rulings ("Tentative Rulings") on September 20, 2012, a copy of which is annexed hereto and made a part hereof, in connection with certain legal issues raised through the Plaintiff's and Defendant's Trial Briefs and the Evidentiary Objections, which Tentative Rulings were adopted by the Court as part of the conclusions of law in this adversary proceeding, except as set forth below; makes the following rulings on the admission of exhibits, findings of fact, and conclusions of law pursuant to Fed. R. Bankr. Pro. 9033, in light of the holding in *Stern v. Marshall*, 564 U.S. ___, 131 S. Ct. 2616 (2011), and later decisions applying the holding of *Stern v. Marshall*, and because the amended complaint ("Complaint") in this adversary proceeding asserts, among other claims, claims for the recovery and avoidance of fraudulent transfers under 11 U.S.C. §§544 and 550:

## II. PROPOSED FINDINGS OF FACT

1. The Court finds each of the stipulated facts set forth in the PTO, as amended by the Order Approving Stipulation Regarding Modified Joint Pre-Trial Order, entered on October 16, 2012 [Dkt. No. 75], to be facts established in this adversary proceeding, without objection. All defined terms not defined herein have the meaning ascribed to them in the PTO.

2. The Court finds each of the facts set forth in Houghton Declaration to be facts established in this adversary proceeding, except for (a) the facts set forth in paragraph 18 thereof, as the Court sustained Plaintiff's Evidentiary Objections to paragraph 18 at trial; and (b) the facts set forth in paragraph 22 and Exhibit 57 thereof, as BHC withdrew Exhibit 57 at trial. The facts set forth in the Houghton Declaration to which Plaintiff did not object are facts established without objection; however, as to Exhibit 7 mentioned in paragraph 19 of the Houghton Declaration, the Court looks to the document itself for its contents, not the statements in paragraph 19.

3. The Court finds each of the facts set forth in the DiPaolo Declaration to be facts established in this adversary proceeding, except for the following:

   a) Page 6, Line 1-2: Paradigm's "operations had been integrated into the larger family of Borrower Parties."

   b) Paragraph 15.

   c) Page 7, Line 11-12: "More than $400,000 of Loan proceeds…were to be used as working capital for the Borrower Parties as a whole."

   d) Page 7, Line 14-16: "all of the Borrower Parties benefitted from Pacific's ability to redeem the Midsummer Securities, as it reduced risk for them all, provided immediate working capital for the Borrower Parties as a whole…,"

as the Court sustained Plaintiff's Evidentiary Objections to the portions of the DiPaolo Declaration set forth in a)-d), above, at trial. The facts set forth in the DiPaolo Declaration to which Plaintiff did not object are facts established without objection.

{Findings of Fact and Conclusions of Law (10-4-12)}Findings of Fact and Conclusions of Law – 3
121529.01042/95096365v.1

4. BHC understood prior to making the Loan that, if the Borrower Parties were liquidated, BHC might not be paid in full on its Loan and, in such circumstances, other creditors were unlikely to be paid.

5. BHC would not have made the Loan or entered into the Loan and Security Agreement, if it did not receive a guaranty from Paradigm and the other Entities Guarantors.

6. Upon deposit of the $284,512.74 by Nygard with the Clerk of the District Court in the interpleader action, said funds were the property of Paradigm.

7. None of the $3.5 million principal loan amount made pursuant to the Loan has been repaid.

8. To the best of BHC's knowledge, Pacific and its affiliates are out of business and there are no remaining assets in them to repay BHC.

9. BHC sought that Airgate be denominated as the borrower under the Loan and Security Agreement, rather than Pacific, because operating assets were not owned by the holding company, Pacific.

10. Plaintiff did not prove that Paradigm was insolvent, as defined in Cal. Civ. Code §3439.02, immediately before it entered into the Entities Guaranty, Joinder and Loan and Security Agreement.

11. Plaintiff did not prove that Paradigm was rendered insolvent, as defined in Cal. Civ. Code §3439.02, as a result of entering into the Entities Guaranty.

12. Plaintiff did not prove that Paradigm was rendered insolvent, as defined in Cal. Civ. Code §3439.02, as a result of entering into the Joinder.

13. Plaintiff did not prove that Paradigm was rendered insolvent, as defined in Cal. Civ. Code §3439.02, as a result of entering into the Loan and Security Agreement.

14. Paradigm did not receive reasonably equivalent value, as referenced in Cal. Civ. Code §3439.02(a)(2), in exchange for entering into the Entities Guaranty, Joinder and/or Loan and Security Agreement.

15. Plaintiff did not prove that, at the time Paradigm entered into the Entities Guaranty, Joinder and Loan and Security Agreement, Paradigm's management, acting in that

1 capacity, intended to hinder, delay or defraud creditors of Paradigm.

2 16. The transfer of the $223,143.28, which occurred on or about April 2, 2010, from the District Court to BHC was a transfer to or for the benefit of a shareholder of Paradigm and BHC was an insider of Paradigm at the time that transfer occurred.

17. The $223,143.28 distributed from the District Court to BHC was not made from earned surplus.

18. Plaintiff did not prove that BHC ever exercised control over the management or operations of Paradigm at any time.

19. On or before approximately July 17, 2007, each of Paradigm, Airgate Chicago, Pacific, Pacific LLC and AGI issued Certificates of Authority and related documents indicating, among other things, each entity's authority to enter into Loan Agreements and in doing so stated, among other things, that each had a substantial and direct economic interest in Airgate and expected to receive substantial benefit from the Loan Agreements and related transactions.

20. On or before approximately July 17, 2007, each of Airgate, Paradigm, Pacific, Airgate Chicago, among other things, resolved to authorize each of these entities to enter into the applicable Loan Agreements and in doing so stated, among other things, that each had a substantial and direct economic interest in Airgate and expected to receive substantial benefit from the Loan Agreements and related transactions.

21. On or about July 17, 2007, the vice-president of Airgate, Scott Turner, issued a Solvency Certificate stating, among other things, that after giving effect to the transactions contemplated by the Loan Agreements, and the payment of related fees and expenses, Airgate would be able to pay its debts, other liabilities and contingent obligations, as they mature in the normal course of business.

22. Plaintiff failed to prove or offer any evidence that there was a creditor of Paradigm in existence of the date of the commencement of Paradigm's bankruptcy case that also was a creditor of Paradigm at or before the Loan was funded and the Entities Guaranty was executed and effective.

23. On or about June 23, 2009, an action was filed in the names of Paradigm, Airgate,

and Pacific against BHC and other entities by the filing of a Summons with Notice in the Supreme Court of the State of New York.

24. There is no factual basis on which Plaintiff may recovery any of the Interplead Funds from BHC.

25. Plaintiff put on and offered no witnesses at trial, but Plaintiff elicited testimony from Gerald Houghton and David DiPaolo, which Plaintiff considers part of its direct case.

26. The Court finds that the issues raised in PTO Section C are irrelevant and do not need to be litigated, for the reasons set forth in Section 5 on page 4 of 6 of the Tentative Rulings and the reasons set forth on the record of proceedings held on September 19 and 20, 2012.

27. To the extent that any portion of a Finding of Fact contains or constitutes a Conclusion of Law, such portion shall be deemed a Conclusion of Law and is hereby adopted as such.

### III. PROPOSED CONCLUSIONS OF LAW

1. A secured creditor does not obtain a preferential transfer, under 11 U.S.C. §547 by merely collecting upon its collateral, if the grant of the security interest in the collateral was proper, as such a transfer does not provide the creditor with more than it would have received in a liquidation of the debtor. If the Plaintiff had succeeded in avoiding the Entities Guaranty as a fraudulent transfer, there will be no antecedent debt owing by Plaintiff to BHC. If the lien granted by Paradigm to BHC was avoided as a fraudulent transfer, the same set of facts would have made the Entities Guaranty avoidable as a fraudulent transfer too. Thus, a preference theory would not work on the facts stipulated to by the parties or otherwise proven at trial.

2. Plaintiff argued that, if the Entities Guaranty remained enforceable to the extent of an earned surplus, a preference theory might still work, as an antecedent debt would remain; however, the Plaintiff admits that if the obligations to BHC is included there was no earned surplus. Therefore, even if the Entities Guaranty would theoretically have been enforceable to this extent, without any earned surplus, the Entities Guaranty would still be entirely unenforceable. Therefore, there would never be an enforceable antecedent debt, which would be fatal to an effort to recover anything under 11 U.S.C. §547(b).

3. Based on the conclusions set forth in paragraphs 1 and 2 above and for the additional reasons set forth in the record on September 19 and 20, 2012, the Court dismisses Plaintiff's claims for the recovery and avoidance of a preferential transfer, as set forth in the Fifth Claim for Relief in the Complaint.

4. The funds in issue were not paid as a distribution to a shareholder or even as a disguised distribution to a creditor. Those funds were transferred through the enforcement of a valid security interest in an account receivable due to Paradigm and paid to a secured creditor, BHC, under a breach of contract theory. Plaintiff argued that the payment pursuant to the Entities Guaranty and the related security interests should be characterized as an unlawful distribution, as they resulted in a payment on behalf of the parent that would not otherwise have been permissible, as it was not made from earned surplus and at the time the Interplead Funds were deposited into the District Court there was no prospect Paradigm being repaid. The Court declines to utilize this rubric to analyze the avoidability of the transaction as, among other reasons, fraudulent transfer analysis and claims for relief were designed to afford parties redress for this purpose and such transactions. The cases cited by the Plaintiff in this area are distinguishable on their facts and do not support the conclusion that this transaction can or should be analyzed under an unlawful corporation distribution model.

5. If the Entities Guaranty could be avoided as a fraudulent transfer, Plaintiff should be permitted to recover the proceeds of the account receivable that Defendant recovered by virtue of its security agreement. If the Entities Guaranty cannot be avoided as a fraudulent transfer, the Defendant was merely enforcing its rights under the Entities Guaranty and related security agreement and cannot be required to return the proceeds of the account receivable.

6. Based on the conclusions set forth in paragraphs 4-5 above and the additional reasons set forth in the record on September 19 and 20, 2012, the Court dismisses Plaintiff's claims for the recovery of an unlawful dividend, as set forth in the Fourth Claim for Relief in the Complaint.

7. If the transaction cannot be avoided as an actual fraud fraudulent transfer or even as a constructive fraud fraudulent transfer, there is nothing on the facts of this case that would cause the Court to conclude that the defendant nevertheless behaved in a sufficiently improper way as to

{Findings of Fact and Conclusions of Law (10-4-12)}Findings of Fact and Conclusions of Law – 7
121529.01042/95096365v.1

have its claim equitably subordinated. If the Entities Guaranty and related security agreement are not avoidable under a fraudulent transfer theory, the Defendant will not have done anything inequitable by merely foreclosing on a portion of its collateral.

8. Based on the conclusions set forth in paragraph 7 above and for the additional reasons set forth in the record on September 19 and 20, 2012, the Court dismisses Plaintiff's claims for the equitable subordination of Defendant's Claim, as set forth in the Sixth Claim for Relief in the Complaint.

9. At trial, Plaintiff's counsel proffered evidence that Plaintiff would try to prove in support of Plaintiff's common law fraud claim. Following this proffer, the Court found even if Plaintiff could prove the facts contained in the proffer, Plaintiff would not be able to establish a claim for common law fraud, among other reasons, because Plaintiff did not proffer any evidence that BHC had any intent to defraud the Debtor or any other party, or that BHC knowingly make any misrepresentation or induced reliance thereon. The Court further finds that the common law fraud claim was barred under principles of res judicata, as it was not raised by the Plaintiff in defense of the cross-claim filed by BHC against Paradigm in the Interpleader Action.

10. Based on the conclusions set forth in paragraphs 9 above and for the additional reasons set forth in the record on September 19 and 20, 2012, the Court dismisses Plaintiff's claims for common law fraud, as set forth in the Third Claim for Relief in the Complaint.

11. To proceed under a constructive fraudulent transfer claim for relief pursuant to Cal. Civ. Code §3439.05, Plaintiff would need to prove that there was a creditor of Paradigm in existence of the date of the commencement of Paradigm's bankruptcy case that also was a creditor of Paradigm at or before the date the Loan was funded and the Entities Guaranty was executed and effective, and Plaintiff failed to do so.

12. Plaintiff may and did proceed to trial on claims for relief under Cal. Civ. Code §§3439.04(a)(1) and (2).

13. Plaintiff has satisfied its prima facie burden to prove that Paradigm did not receive reasonably equivalent value, as set forth in Cal. Civ. Code §3439.04(a), in exchange for it entering into the Entities Guaranty and Paradigm's grant of liens in its assets to secure the Entities

Guaranty made by Paradigm. This alone is insufficient for Plaintiff to satisfy its complete prima facie burden under either Cal. Civ. Code §§3439.04(a)(1) or 3439.04(a)(2). If Plaintiff had proven the remainder of its prima facie case under these statutes, to overcome this ruling regarding a lack of reasonably equivalent value, BHC wou8ld have had the opportunity to attempt to establish that due to the nature of the interrelationships of the parties and the manner in which they did business, there was some actual meaningful economic benefit in a reasonably equivalent amount obtained by virtue of the funds received by an affiliate in an effort to rebut the finding of a lack of reasonably equivalent value.

14. The monies paid by Nygard to the District Court through the Interpleader Action were in satisfaction of an account receivable due to Paradigm, which was an asset of the Debtor.

15. The distribution of the $233,143.28 from the District Court to BHC constituted a transfer of an interest in Debtor's property.

16. The Plaintiff's attempt to avoid and recover the distribution of the $284,512.74 as a fraudulent transfer, is not an improper collateral attack on the Judgment, is not barred by waiver, laches, unclean hands or res judicata, because the Trustee steps in to the shoes of creditors on fraudulent transfer claims pursuant to 11 U.S.C. §§544 and 550.

17. None of the $284,512.74 deposited by Nygard with the District Court may be recovered by the Plaintiff from the Defendant.

18. Plaintiff was required to prove its actual fraud and actual fraudulent transfer claims by a preponderance of the evidence, and Plaintiff failed to do so.

19. Paradigm entering into the Entities Guaranty was not a transfer made with an actual intent to hinder, delay or defraud within the meaning of Cal. Civ. Code §3439.04.

20. Paradigm entering into the Joinder was not a transfer made with an actual intent to hinder, delay or defraud creditors within the meaning of Cal. Civ. Code §3439.04.

21. Paradigm entering into the Loan and Security Agreement was not a transfer made with an actual intent to hinder, delay or defraud creditors within the meaning of Cal. Civ. Code §3439.04.

22. Paradigm entering into the Entities Guaranty, Loan and Security Agreement, and

Joinder was not a transfer made with an actual intent to hinder, delay or defraud creditors within the meaning of Cal. Civ. Code §3439.04.

23. Paradigm entering into the Entities Guaranty was not a constructive fraudulent transfer within the meaning of Cal. Civ. Code §§3439.04(a)(2) or 3439.05.

24. Paradigm entering into the Joinder was not a constructive fraudulent transfer within the meaning of Cal. Civ. Code §§3439.04(a)(2) or 3439.05.

25. Paradigm entering into the Loan and Security Agreement was not a constructive fraudulent transfer within the meaning of Cal. Civ. Code §§3439.04(a)(2) or 3439.05.

26. Paradigm entering into the Entities Guaranty, Loan and Security Agreement, and Joinder was not a constructive fraudulent transfer within the meaning of Cal. Civ. Code §§3439.04(a)(2) or 3439.05.

27. Paradigm did not enter into the Entities Guaranty as the result of common law fraud.

28. Paradigm did not entered into the Joinder as the result of common law fraud.

29. Paradigm did not entered into the Loan and Security Agreement as the result of common law fraud.

30. Fraud is not alleged in the Complaint with the requisite particularity and has not been proven.

31. The distribution of the $223,143.28 from the District Court to BHC was not the result of common law fraud.

32. The distribution of the $223,143.28 from the District Court to BHC was not an unlawful dividend.

33. Plaintiff has not satisfied the requirements of 11 U.S.C. §544, as applicable in this case.

34. Plaintiff should not recover $223,143.28 and/or $16,750.37, or any other amount from Defendant pursuant to 11 U.S.C. §550, under the facts found.

35. The issuance of the Judgment did not finally determine that the Debtor has no interest in or entitlement to the $223,143.28.

{Findings of Fact and Conclusions of Law (10-4-12)}Findings of Fact and Conclusions of Law – 10
121529.01042/95096365v.1

36. The claims of Defendant in this bankruptcy case should not be equitably subordinated to the payment of any other claims in this bankruptcy case.

37. Following the close of Plaintiff's case, BHC moved for a directed verdict or judgment on partial findings pursuant to Fed. R. Bankr. Pro. 7052(c), which the Court granted at that time.

38. The Court concludes that the issues of law set forth in the PTO at D.16-22 and D.29 are not applicable, given the rulings and findings set forth herein.

39. All of Plaintiff's claims against BHC fail as a matter of law and fact.

40. To the extent that any portion of the Conclusions of Law contains or constitutes a Finding of Fact, such portion shall be deemed a Finding of Fact and is hereby adopted as such.

## IV. EXHIBITS ADMITTED INTO EVIDENCE

1. The Court admitted into evidence the following exhibits which the parties stipulated were admissible in the PTO: Exhibit Numbers 1, 2, 3, 4, 5, 7, 8, 9, 18, 24, 25, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 55, 56, 58, 59, 60, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73 and 74.

2. The Court took judicial notice of and admitted into evidence the documents identified in Defendant's RJN, as Exhibits 34, 38, 39, 40, 41, 42, and overruled the objections thereto set forth in the Evidentiary Objections, and sustained the Evidentiary Objections to the admissibility of the documents identified in Defendant's RJN as Exhibits 53, 54 and 68.

3. The Court admitted into evidence the document attached to the Houghton Declaration as Exhibit 26, for the limited purposes of indicating what Defendant had been informed of through the contents thereof and considered at the time Defendant received Exhibit 26.

4. The Court admitted into evidence the documents attached to the DiPaolo Declaration as Exhibits 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, and 61 for the limited purposes of proving that Defendant had received and considered them during the course of its evaluation of the Loan and representations that were made by the borrowers in connection with the Loan.

5. Exhibits 6 and 10 were not admitted into evidence, as they were offered by Plaintiff, objected to by Defendant in the PTO, and Plaintiff did not come forward with any basis on which they should be admitted into evidence.

**ORDER**

IT IS SO RECOMMENDED.

###

DATED: November 8, 2012

_____
United States Bankruptcy Judge

{Findings of Fact and Conclusions of Law (10-4-12)}Findings of Fact and Conclusions of Law – 12
121529.01042/95096365v.1

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1925 Century Park East, 19th Floor, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING BENCH TRIAL** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 26, 2012, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDEX:**
Hon. Sheri Bluebond
United States Bankruptcy Court
255 E. Temple Street, Suite 1482-Ctrm 1475
Los Angeles, CA 90012

**VIA EMAIL:**
Russell H. Rapoport
E-mail: rrapoport@prllplaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 26, 2012 | Michelle Grams | /s/ Michelle Grams |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING BENCH TRIAL** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner stated below:

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** - Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) October 26, 2012, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Sara Chenetz    chenetz@blankrome.com, chang@blankrome.com;darling@blankrome.com
- Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com
- Russell H Rapoport    rrapoport@prllplaw.com, lgillis@prllplaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Russell H. Rapoport
Law Office of Russell H. Rapoport
21860 Burbank Blvd., Suite 360
Woodland Hills, CA 91367-7406

☐ Service information continued on attached page

3. **TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page